Clinton L. Tapper
R. Scott Taylor
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Tel (541) 485-1511

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| AUTUMN RIDGE WEST, LTD, LLLP,<br><br>Plaintiff,<br><br>v.<br><br>OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA,<br><br>Defendant. | CASE NO.: 2:18-cv-00005<br><br>COMPLAINT<br>Breach Contract<br>Bad Faith<br>IFCA Violations<br>CPA Violations<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, the Plaintiff, represented by the undersigned attorneys, and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a limited liability limited partnership formed and organized in the State of Colorado, authorized to do business in the State of Washington.

2. Defendant Occidental Fire and Casualty Company of North Carolina is an insurance company, incorporated outside the State of Washington, in a foreign State of the United States, but authorized to conduct business and sell insurance policies in the State of Washington.

3. The action is between two citizens of different states, with an amount in controversy of over $75,000. Jurisdiction is proper before this Court pursuant to 28 USC § 1332.

4. The loss, acts and omissions forming the basis of the Complaint occurred in Spokane County, Washington and the most convenient location for trial of this matter is in Spokane, Washington. Venue in this District is proper.

**COMMON ALLEGATIONS FOR ALL CLAIMS FOR RELIEF**

5. Plaintiff herein re-asserts and re-incorporates all above allegations.

6. Plaintiff owns certain real property, located in Spokane County, Washington, commonly referred to as 7004 N Colton St., Spokane, Washington 99208, (the "Premises").

7. Plaintiff purchased a Commercial Lines Policy from Defendant, described specifically by policy number HHO 0000966 00 ("the Policy"). The Policy provided commercial property insurance coverage to the Premises. Plaintiff was a named insured on the Policy.

8. Subject to the Policy limits and other terms of the Policy, Defendant insured Plaintiff against several perils, including; wind damage, weight of snow and ice and collapse.

9. The Policy provides for replacement cost coverage for the structures on the Premises, including the carports among other items.

10. The policy was in full force and effect at all times material to this Complaint.

11. On or about February 8, 2017, a winter storm damaged the carports at the insured location causing weight of snow and ice, wind and collapse damage to 30 carports on the Premises (the "Loss").

## CLAIM 1 : BREACH OF CONTRACT

12. Plaintiff herein re-asserts and re-incorporates all above allegations.

13. Shortly after the loss, Plaintiff submitted a claim for the damaged Carports to Defendant.

14. Defendant received the claim submission and assigned the loss claim number 44676.

15. Plaintiff provided Defendant full opportunity to investigate and inspect the loss, Defendant did in fact investigate and inspect the loss.

16. After investigation and inspection, Defendant accepted the claim and provided $32,565.28 in coverage for three of the Carports.

17. After the investigation Defendant applied a $25,000 deductible to the loss, thereby paying only $7,565.28 toward the claim.

18. Defendant has breached the contract by failing or refusing to pay benefits in the amount of $298,899.36 for the remaining damaged Carports.

19. Defendant has breached the contract by applying a $25,000 deductible when the appropriate deductible was $10,000.

20. Plaintiff has performed all conditions precedent required under the Policy.

21. Defendant has failed and refused to accept full coverage for the Loss.

22. Defendant has made partial payments for the Loss to Plaintiff, but despite requests by Plaintiff for payment in full under the coverage provisions of the Policy, Defendant has delayed, failed and refused to pay Plaintiff in full under the terms of the contract. Such non-payment constitutes breach of the Policy.

23. Plaintiff is entitled to prejudgment interest at the legal rate of 10% per annum on the amount of the resulting judgment entered herein from February 8, 2017, until the date Judgment is entered.

24. As a result of the breach of contract by Defendant, Plaintiff has been required to hire an attorney to represent it in this matter. Plaintiff should be awarded its reasonable attorney fees incurred herein.

## CLAIM 2 : COMMON LAW BAD FAITH

25. Plaintiff herein re-asserts and re-incorporates all above allegations.

26. Defendant had a duty to investigate, adjust and pay the claim in good faith.

27. Defendant breached that duty by failing to investigate, adjust and pay the claim. This Breach was unreasonable, frivolous, and/or unfounded.

28. Defendant's breach actually and foreseeably caused injury to Plaintiff.

29. As a result of the breach, Plaintiff has been injured. In an amount to be proven at trial, but estimated not to exceed $313,899.36.

## CLAIM 3 : IFCA VIOLATIONS

30. Plaintiff herein re-asserts and re-incorporates all above allegations.

31. Defendant unreasonably denied Plaintiff payment of approximately $313,899.36 in insurance benefits.

32. In the claims handling and adjustment of the Loss with Plaintiff, Defendant violated the provisions of RCW 48.30.010, and some or all of the provisions of WAC 284-30-330 – 380. These violations include, but are not limited too:

   a. Misrepresenting pertinent facts and policy provisions. WAC 284-30-330(1).
   b. Failing to promptly investigate the loss. WAC 284-30-370.

    c. Failing to fully disclose all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented. WAC 284-30-350(1)

    d. Failing to settle on the basis that responsibility for payments should be assumed by others. WAC 284-30-380(4)

    e. Refusing to pay claims without conducting a reasonable investigation. WAC 284-30-330(4).

    f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of the claim in which liability had become reasonably clear. WAC 284-30-330(6).

    g. Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings. WAC 284-30-330(7).

    h. Attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application. WAC 284-30-330(8).

    i. By providing an inaccurate evaluation of actual cash value (ACV). WAC 284-30-380(7)

33. Plaintiff reserves the right to allege other violations of unfair claims settlement practices adopted under RCW 48.30.010 by the insurance commissioner codified in chapter 284-30 of the Washington Administrative Code.

34. On November 30, 2017, by certified mailing, Plaintiff provided timely Notice to the Washington State Office of the Insurance Commissioner and Defendant of the above violations.

35. As a result of the breach of contract and unreasonable denial of payment of benefits by Defendant, and violations of RCW 48.30.010 and WAC 284-30-330 - 380, Plaintiffs have been required to hire an attorney to represent them in this matter. Plaintiff is entitled to reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, pursuant to RCW 48.30.015(3).

36. Due to Defendant's unreasonable denial of the payment of insurance benefits, Plaintiff should recover treble its actual damages pursuant to RCW 48.30.015(2).

## CLAIM 4 : CPA VIOLATIONS

37. Plaintiff herein re-asserts and re-incorporates all above allegations.

38. RCW 19.86.090 allows a plaintiff, in appropriate circumstances, to bring a claim for a violation of Washington's Consumer Protection Act, RCW 19.86.

39. The required elements of a Consumer Protection Act claim are as follows: (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*. 105 Wn.2d 778, 784- 85, 719 P.2d 533 (1986).

40. Defendant's actions occur in the housing, commercial properties and mortgage markets, which are elements of trade and commerce.

41. Defendant's actions have a profound impact on members of the public. As an insurer, Defendant is believed to be adjusting claims frequently, thus its' claims have a significant impact on the public.

42. The actions of Defendant were unfair and deceptive.

43. There is a causal link between the conduct engaged by Defendant and the injury to the Plaintiff, as Defendant's actions have inappropriately; denied plaintiff insurance benefits, caused plaintiff to incur additional costs, deprived plaintiff of use of plaintiffs property and forced Plaintiff to file this lawsuit.

44. Having satisfied all elements of a consumer protection claim, Plaintiff has established a violation of such, and will seek damages treble its actual damages in an amount not to exceed $25,000, as well as reasonable attorney's fees and costs. RCW 19.86.090.

WHEREFORE, Plaintiff prays that it recovers its damages, prejudgment interest, penalties, and attorney fees as alleged above, together with the costs and disbursements incurred herein and any other such relief the Court deems just and proper.

Respectfully submitted this 5th day of January 2018.

**TAYLOR & TAPPER**

By: s/ Clinton Tapper

Clinton Tapper Attorney at Law
541.485.1511
clinton@taylortapper.com
WSBA # 49718 EIN 45-4646442
400 E 2nd Avenue, Suite 103
Eugene, OR  97401
1100 Dexter Avenue North, Suite 100
Seattle Wa. 98109
Attorneys for Autumn Ridge West, LTD